UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| GREG McMASTERS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No.: 3:11-CV-454 |
| ) | (VARLAN/SHIRLEY) |
| TENNESSEE VALLEY AUTHORITY, ) | |
| ) | |
| Defendant, ) | |

**MEMORANDUM OPINION**

This civil action is before the Court on the Motion to Dismiss [Doc. 5], submitted by defendant, the Tennessee Valley Authority ("TVA"), in which TVA moves, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for dismissal of all claims asserted by plaintiff. Plaintiff, Greg McMasters, has submitted a response in opposition [Doc. 8]. TVA has submitted a reply [Doc. 9]. The motion is ripe for determination. For the reasons set forth herein, TVA's motion to dismiss [Doc. 5] will be **GRANTED**, plaintiff's claims in this case will be **DISMISSED**, and this case will be **CLOSED.**

**I.     Facts**

Plaintiff applied for a position at TVA's Sequoyah Nuclear Plant as an Instrumentation and Controls Systems Engineer, Senior Level (the "position") [Doc. 1, ¶¶ 9, 10, 17, 20]. TVA offered plaintiff the position via a letter dated June 2, 2010 [*Id.* ¶ 10]. Plaintiff accepted TVA's offer and submitted a notice of resignation to his employer at the time [*Id.*, ¶ 20]. Plaintiff alleges that he was told by a TVA employee that his anticipated

start date for the TVA position would be November 15, 2010 [*Id.*, ¶ 23]. Plaintiff alleges that beginning at the end of October 2010, and continuing thereafter, he attempted to contact TVA to confirm this start date, but received no response [*Id.*, ¶¶ 24, 25]. On November 22, 2010, TVA sent plaintiff an email rescinding its offer of a position because plaintiff's educational degree did not satisfy the minimal educational requirement for the position [*Id.*, ¶¶ 26, 27; Doc. 1-4].

Plaintiff then filed the instant complaint against TVA, alleging that by rescinding the offer, TVA's actions constituted a breach of contract under Tennessee law [Doc. 1, ¶ 35]. Plaintiff also alleges that he is entitled to damages under a theory of promissory estoppel because he relied, to his detriment, on TVA's promise or representation that it would hire plaintiff to the position [*Id.*, ¶ 44].

TVA brought the instant motion to dismiss.

## II. Standard of Review

A party may move to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure Rule 12(b)(6). In order to survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, a complaint must contain allegations supporting all material elements of the claims. *Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 519 (6th Cir. 2008). In determining whether to grant a motion to dismiss, all well-pleaded allegations must be taken as true and must be construed most favorably toward the non-movant. *Trzebuckowski v. City of Cleveland*, 319 F.3d 853, 855 (6th Cir. 2003). Detailed factual allegations are not required, but a party's "obligation to provide the 'grounds' of his 'entitle[ment] to relief"

requires more than labels and conclusions and a formulaic recitation of a cause of action's elements will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Nor will an "unadorned, the-defendant-unlawfully harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937 (2009). Rather, a pleading must "contain either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory." *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436-37 (6th Cir. 1988) (quoting *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1106 (7th Cir. 1984)).

## III.   Analysis

In support of its motion to dismiss, TVA argues that no breach of contract action can lie against TVA for rescission of an offer of employment because employment at TVA is prescribed by statute and is "by appointment." TVA also argues that an action to recover damages under a theory of promissory estoppel cannot be brought against TVA because employment appointments are made to carry out the business of TVA and are authorized by the TVA Act. In response, plaintiff contends that TVA is not entitled to sovereign immunity by virtue of the "sue and be sued" clause in the TVA Act and because TVA's ability to hire and discharge employees is a commercial function. Plaintiff asserts, therefore, that TVA cannot claim immunity from plaintiff's claims because there is no grave interference with a governmental function in the hiring and discharging of employees.

### A.     Breach of Contract Claim

As noted by both parties, the TVA Act designates TVA "an instrumentality and agency of the Government of the United States[.]" 16 U.S.C. § 831r. The United States

3

Supreme Court has recognized TVA's status as a federal agency, *see Ashwander v. TVA*, 297 U.S. 288, 315 (1936) (referring to TVA as "an agency of the federal government"), as has the United States Court of Appeals for the Sixth Circuit. *See Matheny v. TVA*, 557 F.3d 311, 320 (6th Cir. 2009) (stating that "TVA is a 'wholly-owned corporate agency and instrumentality of the United States'") (quoting *Edwards v. TVA*, 255 F.3d 318, 322-23 (6th Cir. 2001) (quoting *Hill v. United States*, 65 F.3d 1331, 1333 (6th Cir. 1995))). The Sixth Circuit has also recognized that those who work for TVA are employees of the federal government. *See Jones v. TVA*, 948 F.2d 258, 262 (6th Cir. 1991); *see also McNabb v. TVA*, 754 F. Supp. 118, 120 (E.D. Tenn. 1990).

This Court recognizes that the "sue and be sued" clause in the TVA Act constitutes a "broad waiver of sovereign immunity" because "in certain limited situations the TVA is exempt from liability arising out of the exercise of wholly governmental functions, where the TVA acts solely as the Government's agent and where the United States itself would not be liable." *Edwards*, 255 F.3d at 322 (quoting *Queen v. TVA*, 689 F.2d 80, 86 (6th Cir. 1982), *cert. denied*, 460 U.S. 1082 (1983)). The Sixth Circuit has also stated that TVA's non-liability is "not an incident of immunity but the result of the entitlement of the TVA, when it acts solely as a governmental entity, to assert as well established substantive principle of nonliability which the Government itself would be entitled to assert and which the Government has not otherwise waved." *Queen*, 689 F.2d at 86. This exemption from liability for certain "wholly governmental functions" has been analyzed pursuant to the same analysis as that applied to the immunity resulting from the discretionary function doctrine of

4

the Federal Tort Claims Act. *See, e.g., Edwards*, 255 F.3d at 322 (applying the discretionary function doctrine to TVA); *Sligh v. TVA*, 532 F. Supp. 168 (D.C. Tenn. 1980) (same).

The motion to dismiss, however, is not based on principles of federal immunity. Rather, TVA's motion is premised on the statutory basis for the employment of TVA employees and the nature and implication of their status as federal employees.

It is "presumed that 'absent specific legislation, federal employees derive the benefits and emoluments of their positions from appointment rather than from any contractual or quasi-contractual relationship with the government." *Piper v. United States*, 90 Fed. Cl. 498, 503 (Fed. Cl. 2009) (quoting *Chu v. United States*, 773 F.2d 1226, 1229 (Fed. Cir. 1985)). Consequently, if an individual's "employment was by 'appointment,' a breach of contract action against the government would be precluded." *Hamlet v. United States*, 873 F.2d 1414, 1417 n.5 (Fed. Cir. 1989). In other words, a federal employee's "relationship with the Government cannot be simultaneously governed by both an appointment and a contract." *Collier v. United States*, 56 Fed. Cl. 354, 356 (Fed. Cl. 2003), *aff'd*, 379 F.3d 1330 (Fed. Cir. 2004). To determine how an individual is employed by the federal government, a court must analyze the relevant statutes and regulations in light of the other evidence presented. *Piper*, 90 Fed. Cl. at 504.

The TVA Act provides that "[t]he chief executive officer shall appoint, with the advice and consent of the Board, and without regard to the provisions of the civil service laws applicable to officers and employees of the United States, such . . . employees . . . as are necessary for the transaction of the business of the Corporation." 16 U.S.C. § 831b(a).

5

Plaintiff has not alleged that his employment was not by appointment. Thus, absent any other evidence and given the express language of § 831b(a), the Court concludes that TVA's offer of employment to plaintiff arose as an appointment.

In a similar situation, in *Piper v. United States*, the United States Court of Federal Claims considered a claim for breach of contract made by a plaintiff who was hired by the Transportation Security Administration (the "TSA") and who, after he was hired, claimed that his retirement annuity as a former army officer should not be deducted from his pay. *Id.*, 90 Fed. Cl. at 500. The Court of Federal Claims dismissed the plaintiff's breach of contract claim, holding that the plaintiff's employment was by appointment under the relevant statute and the other evidence, and therefore the plaintiff had no valid contract with the TSA under which he could bring a claim for a breach. *Id.* at 505-05.[1]

Similar to *Piper*, because employment with TVA is by appointment and TVA's relationship with its employees is not governed by contract, plaintiff did not have a contract with TVA from which he can now bring a claim for breach of contract. *See, e.g., Chapman v. TVA*, No. 2:95-CV-250, slip op. at 3-4 (E. D. Tenn. Oct. 24, 1995) (J. Hull) (finding TVA's argument that its employees have no contractual right to employment to be "well-

---

[1] The *Piper* court noted that the relevant statute in the TSA permitted it to both "employ" and "appoint" employees. *Id.*, 90 Fed. Cl. at 504-05. Thus, the *Piper* court noted that it is possible for a contract between the federal government and a federal employee to lie when it is "specifically spelled out as a contract" and "made by a person having authority" to make such a contract. *Id.* at 503. Here, the TVA Act only provides that employment with TVA is by appointment. *See* 16 U.S.C. § 831b(a). Plaintiff has also not alleged that his offer was specifically designated a contract of employment rather than an appointment or that it was made by a person with authority to make a contract rather than an appointment.

6

taken"). Accordingly, the Court finds that because plaintiff's offer of a position with TVA was prescribed by statute and was by "appointment" rather than by contract, plaintiff cannot establish one of the essential elements of a breach of contract claim. That is, that a valid contract existed between the parties. *See Pryor v. United States*, 85 Fed. Cl. 97, 104 (Fed. Cl. 2008) (giving the elements of a breach of contract claim).

Thus, because there was no valid contract, plaintiff's claim for breach of contract will be **DISMISSED**.

### B. Promissory Estoppel

TVA asserts that plaintiff's claim under a theory of promissory estoppel should also be dismissed because no such cause of action may be brought against the federal government. In response, plaintiff argues that he has stated a claim under a theory of promissory estoppel because TVA has no sovereign immunity when it acts pursuant to its commercial and not its governmental function, and that TVA's actions in the hiring and discharging of employees falls within TVA's commercial function.

To prevail on a claim for promissory estoppel, a plaintiff must prove:

> [F]irst, that there was a promise or representation made, second, that the promise or representation was relied upon by the party asserting the estoppel in such a manner as to change his position for the worse, and third, that the promisee's reliance was reasonable and should have been reasonably expected by the promisor.

*Steinberg v. United States*, 90 Fed. Cl. 435, 443 (Fed. Cl. 2009) (citation omitted). Once these elements are met, the promise will be binding if justice so requires. *Id.* However, as TVA points out, "[a]s a general proposition of federal law, there is no cause of action in

7

promissory estoppel against the federal government." *See Hoke Co., Inc. v. TVA*, 661 F. Supp. 740, 745 (W.D. Ky. 1987) (dismissing a plaintiff's claim for damages under a theory of promissory estoppel), *aff'd on other grounds, Hoke Co., Inc. v. TVA*, 854 F.2d 820 (6th Cir. 1988); *see also McCauley v. Thygerson*, 732 F.2d 978, 980-81 (D.C. Cir. 1984) (finding that a claim for promissory estoppel has a limited scope when it is alleged against the federal government). As explained in *McCauley*:

> Principles of promissory estoppel apply less broadly against the federal government than they might in situations involving only private actors. *Kizas v. Webster*, 707 F.2d 524, 535 (stating that "courts have consistently refused to give effect to government-fostered expectations that, had they arisen in the private sector, might well have formed the basis for a contract or an estoppel"); *Shaw v. United States*, 640 F.2d 1254, 1260 (Ct. Cl.1981) ("Federal officials who by act or word generate expectations in the persons they employ, and then disappoint them, do not ipso facto create a contract liability running from the Federal Government to the employee, as they might if the employer were not the government"). This limited scope of estoppel is a consequence of the basic principle that federal government employees serve by appointment, not contract, and their employment rights "must be determined by reference to the statutes and regulations governing [terms of employment] rather than to ordinary contract principles." *United States v. Larionoff*, 431 U.S. 864, 869 (1977).

*Id.*, 732 F.2d at 980-981.

As noted *supra*, the "sue and be sued" clause in the TVA Act constitutes a broad waiver of sovereign immunity and courts have held that actions for tort liability may lie against TVA in certain circumstances. However, as the Sixth Circuit recognized in *Queen v. TVA*, a government-owned corporate entity, public policy dictates that when TVA is engaged in matters authorized by statute, it is entitled to the immunity from suit which would

8

be afforded the federal government were it in TVA's situation. *Id.*, 689 F.2d at 85-87. The analysis of *Hoke* is persuasive on this point. In *Hoke*, the district court rejected an argument similar to plaintiff's, that TVA was acting in a proprietary, non-governmental, fashion in regard to a failed contract negotiation over which the plaintiff had brought claims for breach of contract and promissory estoppel. *Id.*, 661 F. Supp. at 745. The district court rejected the plaintiff's argument, relying on the Sixth Circuit's holding in *Queen v. TVA* and concluding that because the actions at issue by TVA were "within its statutorily set functions," the United States would be entitled to immunity from a suit on the same theory if it were in TVA's position. *Id.* at 746.

As explained above, the TVA Act provides that "[t]he chief executive officer shall appoint, with the advice and consent of the Board . . . employees . . . as are necessary for the transaction of the business of the Corporation." 16 U.S.C. § 831b(a). Similar to *Hoke*, TVA's employment appointment decisions are matters authorized by the TVA Act and thus within TVA's "statutorily set functions," *Hoke*, 661 F. Supp. at 746, to carry out the business of TVA. Given the general proposition that claims for promissory estoppel cannot be asserted against the federal government, and given the express provision in the TVA Act providing for employment by appointment only, the Court finds that plaintiff's claim under a theory of promissory estoppel should also be **DISMISSED**.

In addition, the Court notes that although plaintiff asserts in his complaint that he "reasonably rel[ied] to his detriment, on the gratuitous promise or representation of TVA," [Doc. 1, ¶ 44], plaintiff alleges no specific oral or written representation, upon which he

9

relied, that a contractual relationship and not an appointment relationship had been created. Plaintiff also has not alleged that any TVA agent with whom he communicated regarding the position possessed the authority to create a contractual relationship rather than an appointment relationship. Furthermore, there is no allegation nor indication that any agent of TVA possessed such authority. *See, e.g.*, *McCauley*, 732 F.2d at 981 (noting the plaintiff's failure to allege similar allegations against another government corporation, the Federal Home Mortgage Corporation).

**IV. Conclusion**

For the reasons given above, TVA's Motion to Dismiss [Doc. 5] will be **GRANTED**, plaintiff's claims will be **DISMISSED**, and the Clerk of Court will be **DIRECTED** to **CLOSE** this case. An appropriate order will be entered.

ORDER ACCORDINGLY.

s/ Thomas A. Varlan  
UNITED STATES DISTRICT JUDGE